IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JIMMI DAWN ("JD") JONES,

    Plaintiff,

v.                                                                                            No. 2:24-cv-1088 SMD/GBW

HIGH PLAINS HCA, LLC,
D/B/A HEROES HOME CARE, LLC,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant High Plains HCA, LLC d/b/a Heroes Home Care, LLC's Motion to Dismiss. Doc. 13 ("Def.'s Mot. to Dismiss"). Having considered the parties' arguments and the relevant law, the Court will **DENY** the motion.[1]

## **BACKGROUND**

On October 24, 2024, Plaintiff Jimmi Dawn Jones filed her Complaint for employment discrimination and retaliatory discharge against Defendant. Doc. 1. That same day, Plaintiff filed an Application to proceed *in forma pauperis*, which the Court granted. Doc. 2; Doc. 5. In the months following, Plaintiff filed no return of service or any other indication that she served the Defendant. On March 12, 2025, Chief United States Magistrate Judge Gregory B. Wormuth entered an Order to Show Cause informing Plaintiff that Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days of filing the complaint. Doc. 7 at 1. The Order noted that "120 days have elapsed since [the] action was filed" and directed Plaintiff to show

---

[1] The briefing on this matter did not comply with this district's local rules. For example, Plaintiff included a motion for sanctions in her response brief, Doc. 16, but she neither filed the document as a motion nor included a recitation of a request for concurrence pursuant to Local Rule 7.1(a). *See* D.N.M. LR-Civ. 7.1(a). After Defendant submitted a reply brief and a notice of completion of briefing, the parties filed three additional briefs, Doc. 22, Doc. 25, Doc. 26, which the Court construes as surreplies. Leave of Court was neither sought nor granted for these filings, in contravention of Local Rule 7.4. *See* D.N.M. LR-Civ. 7.4(b). The Court advises the parties that future noncompliance with the rules may result in the summary denial of motions.

cause, no later than March 26, 2025, why service had not been effected. *See id.* at 1–2.

In response, Plaintiff explained that she made diligent efforts to serve Defendant, an entity conducting business in New Mexico. *See* Doc. 8 at 1. She was unable to identify a physical address within the State, however, because Defendant was not registered with the New Mexico Secretary of State. *See id.* She stated that on January 27, 2025, she served summonses to three Texas addresses linked to Defendant's registered agent: the mailings yielded one unsigned return receipt and two "return to sender" notices.[2] *See id.* at 2–3. Plaintiff explained that her uncertainty over whether her attempts satisfied the service requirements delayed her filing of "at least one Return of Service." *Id.* at 3. Plaintiff also noted that her attorney suffered multiple illnesses since December 2024, further delaying progress. *Id.* She requested either acceptance of the existing service or a two-week extension to finalize service efforts. *Id.*

On April 15, 2025, Judge Wormuth found that "Plaintiff [did] not demonstrate[] sufficient cause for her failure to effect service on Defendant" and ordered that:

> Plaintiff must, within fourteen (14) days of the entry of this Order, either (i) file a request for default judgment pursuant to Federal Rule of Civil Procedure 55 after confirming that service was properly effectuated; (ii) move for an extension of time to serve Defendant, (iii) move to dismiss Defendant without prejudice; or (iv) seek other appropriate relief under the Federal Rules of Civil Procedure.

Doc. 10 at 2 (emphasis omitted). The order also placed Plaintiff on notice that if she did not respond within the time allowed, her complaint could be dismissed. *See id.*

Plaintiff served Defendant on April 29, 2025, and asked the Court to quash the Order to Show Cause because she believed she had complied with the Court's instructions. *See* Doc. 11; Doc. 12. On May 20, 2025, Defendant filed the motion to dismiss under Rule 12(b)(5) for

---

[2] Plaintiff filed an Errata to the Order to Show Cause, attaching the exhibits that should have accompanied her original response. Doc. 9. Exhibit 1 contains U.S. Postal Service Certified Mail Receipts that reflect three attempted service addresses: 7306 SW 34th Ave., Ste. 2, Amarillo, TX 79121-1446; 325 N. Expressway, Brownsville, TX 78520; and 7501 S. Osage St., Amarillo, TX 79118-6399. *See* Doc. 9, Ex. 1.

insufficient service of process now pending before the Court. Def.'s Mot. to Dismiss. Defendant argues that the case should be dismissed because Plaintiff failed to serve Defendant within 90 days as required by Rule 4(m) and failed to comply with Judge Wormuth's Order to Show Cause. *See id.*

## LEGAL STANDARDS

Rule 4 of the Federal Rules of Civil Procedure outlines the requirements and deadlines for properly serving process, whereas Rule 12(b)(5) provides a procedural avenue for a party to challenge service as insufficient. *See Padilla v. Walgreen Hastings Co.*, No. 1:08-cv-1110 JB/CEG, 2009 WL 2951025, at *3 (D.N.M. Aug. 11, 2009). Rule 4 provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

When evaluating a Rule 12(b)(5) motion alleging insufficient service of process pursuant to Rule 4(m), the Court applies the Tenth Circuit's two-part inquiry to assess whether dismissal is appropriate. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Court first determines whether the plaintiff has shown good cause for failing to effect service within the time specified by Rule 4(m). *Id.* "If good cause is shown, the plaintiff is entitled to a mandatory extension of time." *Id.* If no good cause is shown, the Court then decides, in its discretion, whether to grant a permissive extension or dismiss the case without prejudice. *Id.* The Court has discretion to retroactively extend the deadline for service, notwithstanding the absence of a formal motion requesting such an extension and despite the fact that service was not completed within the prescribed time. *See Salazar v. City of Albuquerque*, 278 F.R.D. 623, 627 (D.N.M. 2011).

**DISCUSSION**

It is undisputed that Plaintiff did not effect service on Defendant within Rule 4(m)'s 90-day deadline. As Plaintiff filed her Complaint on October 24, 2024, the rules required that she serve Defendant by January 22, 2025. *See* Fed. R. Civ. P. 4(m). Plaintiff did not effectuate service, however, until April 29, 2025, approximately 97 days after the 90-day deadline expired. Doc. 11. Defendant argues that it is entitled to dismissal because Plaintiff failed to serve process within the required period and has not demonstrated good cause for that failure. *See* Def.'s Mot. to Dismiss at 6–9.

A.   Plaintiff Has Not Shown Good Cause for Her Failure to Timely Serve.

Under Rule 4(m), a plaintiff who shows good cause for failing to properly serve the defendant within the specified time is entitled to a mandatory extension. Fed. R. Civ. P. 4(m). The good cause standard demands "meticulous efforts to comply with the rule." *Elevario v. Hernandez*, No. 1:10-cv-0015 RB/WDS, 2010 WL 11618911, at *2 (D.N.M. Dec. 20, 2010) (quoting *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996)). As explained below, Plaintiff's long delay evidences that she was not "meticulous in her efforts to comply with the rule"; therefore, she has not demonstrated good cause for the delay in service.

Plaintiff argues that good cause exists because she was unable to locate and serve Defendant despite diligent efforts, as Defendant was neither registered to do business in New Mexico nor had a registered agent or New Mexico address on file. *See* Doc. 16 ("Pl.'s Resp.") at 2–4, 7. Moreover, she points out, multiple mailings to various Texas addresses were returned without a signature. *See id.* at 7. Plaintiff asserts that after a New Mexico process server's attempts failed, she retained a second, out-of-state process server who ultimately effected personal service on Defendant's registered agent in Texas. *See id.* at 2. Plaintiff further alleges that Defendant was

4

evading service of process.³  *Id.* at 6–9.

      Defendant asserts that Plaintiff's claim of "good cause" for extending the 90-day service deadline is unfounded. It contends that Plaintiff had multiple opportunities to obtain its address—through a simple web search, by engaging a process server, or via her counsel's investigation—and notably, the address appears prominently in a prior administrative decision arising from the same complaint. *See* Def.'s Mot. to Dismiss at 7. Defendant further notes that Plaintiff's statements regarding her use of process servers—particularly the omission of Matthew Harris's dual role as both a process server and a paralegal for Plaintiff's counsel—undermine her claimed diligence and suggest that her asserted service costs, if accurate, would have been minimal.⁴ Doc. 20 ("Def.'s Reply") at 3–4. Finally, Defendant argues that Plaintiff's circumstances neither constitute good faith nor excuse her inaction during the 90-day period, especially given that she had visited Defendant's corporate office when hired and therefore knew of at least one valid address. *Id.* at 4–5.

      In *Elevario*, the court addressed a plaintiff's untimely service on a defendant located

---

³ To support her allegation that Defendant was evading service of process, Plaintiff cites repeated unsuccessful service attempts at multiple addresses; returned or unsigned certified mailings; Defendant's lack of a New Mexico registered agent at the time; and the admission of an attorney—who represented Defendant in an unrelated matter—that Defendant knew of this lawsuit as of March 10, 2025. *See* Pl.'s Resp. at 6–9. Plaintiff further notes that Defendant registered with the New Mexico Secretary of State on April 2, 2025—"less than a week" after she alerted the Court to service difficulties. *Id.* at 2.

Defendant counters that Plaintiff failed to attempt service through the New Mexico Secretary of State, despite statutory authorization under N.M. Stat. § 38-1-5.1(A), and that her ability to effectuate service promptly after retaining a second process server undermines any claim of evasion. *See* Def.'s Reply at 2–3. N.M. Stat. § 38-1-5.1(A) permits service of process upon the secretary of state when a limited liability company's "agent cannot with due diligence be found . . . to serve process against the company . . . ." *See* N.M. Stat. § 38-1-5.1. Defendant concedes that, "[a]lthough [it] is registered to do business in New Mexico, it . . . inadvertently [failed to] appoint a registered agent." Def.'s Reply at 2.

⁴ Defendant raises a peripheral argument regarding Plaintiff's first process server, Mr. Harris, suggesting that he may not have been independent because he was a paralegal for Plaintiff's counsel and thus ineligible to serve process. Def.'s Reply at 4. Even if accurate, this point is moot: there is no evidence that Mr. Harris ever successfully served Defendant. *See id.* Accordingly, the Court need not address this argument further.

5

outside New Mexico. *See Elevario*, 2010 WL 11618911, at *2–3. After initial efforts to locate the defendant failed, the plaintiff hired multiple process servers and locator companies. *Id.* at *2. Despite these efforts, service was not completed for many months—and only after the prescribed service-of-process period under the Federal Rules had passed.[5] *Id.* The court found no good cause for the delay, emphasizing that plaintiffs "were less than meticulous in their efforts to comply with the rule[,]" had not retained the second locator company until after the prescribed service of process period elapsed, and bore responsibility for monitoring their process servers. *Id.* Similarly here, Plaintiff's delays and reliance on process servers—coupled with engaging a second process server only after the service-of-process period had lapsed—fall short of the good cause standard.

Plaintiff filed her Complaint on October 24, 2024, yet took no action to serve Defendant until January 27, 2025—five days after Rule 4(m)'s 90-day deadline expired. *See* Doc. 9, Ex.1 (U.S. Postal Service Certified Mail Receipt). In her March 26, 2025 response to the Court's Order to Show Cause, she stated only that her counsel "has been sick off and on for month[s]" and provided an exhibit reflecting a strep-throat diagnosis from that same day. *See* Doc. 8 at 3; Doc. 9, Ex. 5. Once Plaintiff began pursuing service in January 2025, she encountered certain challenges, but those later difficulties do not excuse her earlier inaction. Indeed, after retaining a second process server from Texas, service was completed within approximately one month—on April 29, 2025.[6] Had she not sought the assistance of a second process server, it may have taken even longer. Still, the fact that more than six months elapsed between filing the Complaint and

---

[5] "Fed. R. Civ. P. 4(m) now requires service within 90 days after a complaint is filed, but prior to December 1, 2015, the time limit was 120 days." *Diaz v. King*, 687 F. App'x 709, 712 (10th Cir. 2017).

[6] The exact date the second process server was hired is unknown; the earliest invoice date displays April 8, 2025. *See* Doc. 23, Ex. 6 at 2. In her March 26, 2025 response to the Court's Order to Show Cause, Plaintiff indicates that she was contemplating hiring a second process server. *See* Doc. 8 at 3.

effecting service indicates that Plaintiff was less than diligent.

Plaintiff offers insufficient explanations for her actions. Consequently, the Court finds that a mandatory extension is not warranted. The Court will therefore consider whether a permissive extension of time is appropriate.

B.     The Court Grants a Permissive Extension of Time to Serve.

In determining whether to grant a permissive extension, the Court considers:

> (1) whether the applicable statute of limitations would bar Plaintiff[] from refiling the action if it were dismissed; (2) whether Plaintiff[] attempted to comply with Rule 4(m); (3) the number of defendants or other complexities of the case that may have made it difficult for Plaintiff[] to effectuate service of process; (4) whether a permissive extension would prejudice Defendant; and (5) whether Defendant was evading service of process.

*Elevario*, 2010 WL 11618911, at *3 (citing *Espinoza*, 52 F.3d at 842; *Zamora v. City of Belen*, No. 1:03-cv-0743 JB/RLP, 2004 WL 3426121 at *3 (D.N.M. Aug. 9, 2004)).

Here, only factors two and four are relevant.[7] Factor two is neutral. Plaintiff's first documented attempt to serve Defendant occurred five days after the Rule 4(m) deadline. However, she had attempted service before being prompted by the Court, and once prompted, she retained a second process server to meet court-imposed deadlines. Defendant also contends that Plaintiff failed to comply with the Court's show-cause deadline because she did not pursue one of the expressly listed options. Def.'s Reply at 1–2 (discussing Doc. 10). Judge Wormuth's April 15, 2025 Show Cause order, however, also permitted Plaintiff to "seek other appropriate relief under

---

[7] Neither party raises a statute-of-limitations concern, and the case presents no complexities relating to the number or type of defendants. There is only one defendant, who is personally known to Plaintiff as her former employer.

Plaintiff asserts she had an "initial suspicion" that Defendant was evading service, based in part on unsigned, returned certified mail and an alleged conversation between her first process server and an attorney who represented Defendant in an unrelated matter, in which the attorney purportedly stated that Defendant would answer the lawsuit if "properly served." *See* Pl.'s Resp. at 7–8; Doc. 26 at 5–6. Plaintiff submits a sworn statement from Mr. Harris noting the exchange. *See* Doc. 17, Ex. 6. Even crediting the sworn statement as described, the information speaks more to Defendant's awareness of the lawsuit rather than any deliberate effort to evade service.

the Federal Rules of Civil Procedure" within 14 days. Doc. 10 at 2. The Court construes Plaintiff's subsequent April 29, 2025 service as satisfying that provision.

Factor four favors a permissive extension. Defendant has not argued—and the record does not show—specific prejudice from the delay beyond the ordinary burdens of litigation. *See, e.g.*, *Elevario*, 2010 WL 11618911, at *3–4 (discussing potential prejudice from extended delay in service); *McClellan v. Bd. of Cnty. Comm'rs*, 261 F.R.D. 595, 606 (N.D. Okla. 2009) (finding prejudice where defendant was served more than a year after other defendants and "the entire discovery process would need to be repeated"); *Warrior Imps., Inc. v. 2 Crave*, 317 F.R.D. 66, 70 (N.D. Ohio 2016) (finding prejudice where delay in service prolonged litigation and increased exposure to potential damages); *Paluso v. Perdue*, No. 5:17-cv-0169 TBR, 2019 WL 2479658, at *12 (W.D. Ky. June 12, 2019) (finding prejudice where delay in service allowed damages to continue accruing for over a year).

Rule 4(m) grants the Court discretion to order service within a specified time, even absent good cause. Plaintiff made some effort to effect service and acted to cure deficiencies once they were identified. The Court also considers that Plaintiff was granted leave to proceed *in forma pauperis*, which supports granting a permissive extension and avoids imposing the additional financial burden of refiling. In the absence of demonstrated prejudice and in the interest of resolving claims on their merits, the Court finds that a brief retroactive extension is warranted.

In light of the discretion allowed the Court under Rule 4(m) for a permissive extension of time and the lack of prejudice to Defendant, the Court will extend the time for service retroactively to April 29, 2025. Therefore, the April 29, 2025 service is timely, and the Motion to Dismiss is denied.

C.     Plaintiff Is Not Entitled to Fees or Costs.

The Court now turns briefly to the issue of fees and costs. Plaintiff asserts that she is entitled to attorneys' fees incurred to effect service of process and respond to the motion. *See* Pl.'s Resp. at 9; *see also* Doc. 23. She initially offered no authority to support her request but later clarified that she seeks sanctions under 28 U.S.C. § 1927. *See* Pl.'s Resp. at 1, 9; *see also* Doc. 26 at 3. She asks the Court to deny Defendant's motion and/or award her costs incurred in responding to it and in undertaking additional service efforts, premised on Defendant's own bad-faith conduct, in a manner consistent with 28 U.S.C. § 1927. *See* Doc. 26 at 3.

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This provision "targets conduct that multiplies the proceedings, which, when 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1226 (10th Cir. 2006) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998)). Sanctionable conduct may be found where an attorney "acts recklessly or with indifference to the law; is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or causes unjustified discovery for purposes of harassment, unnecessary delay, or to increase costs." *Gutierrez v. Cobos*, No. 2:12-cv-0980 JH/GBW, 2016 WL 8738220, at *4 (D.N.M. June 22, 2016) (citing *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015)) (subsequent citation omitted).

Defendant responds that Plaintiff's brief "Counter-Motion for Sanctions" fails to comply with local rule requirements, lacks legal support, and is unfounded, as Defendant neither evaded service nor caused delay, and any service costs were minimal. *See* Def.'s Reply at 5. Defendant

therefore contends that no basis exists for the award Plaintiff seeks.

The Court sides with Defendant. The arguments raised in the Motion to Dismiss were supported by a reasonable legal and factual basis and did not constitute frivolous advocacy. Plaintiff's request for costs associated with responding to the motion is therefore unwarranted and is denied.

## CONCLUSION

In sum, the Court finds that Defendant's Motion to Dismiss shall be **DENIED**. Although Defendant was served with the summons and complaint 97 days after the expiration of the 90-day period prescribed for service, Defendant has not been unfairly prejudiced by the late service. Plaintiff has demonstrated excusable neglect for the delay in service and is entitled to a permissive extension.

**THEREFORE, IT IS ORDERED** that Defendant's Motion to Dismiss for Insufficient Service of Process, Doc. 13, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted a retroactive extension of time to serve Defendant, and the service effected on April 29, 2025, is timely.

**IT IS FURTHER ORDERED** that Plaintiff's request for fees, costs, and/or sanctions is **DENIED**.

**IT IS SO ORDERED.**

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**