**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JIMMI DAWN JONES,

Plaintiff,

v. Civ. No. 24-1088 SMD/GBW

HIGH PLAINS HCA, LLC,

Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL**

THIS MATTER comes before the Court on Defendant's Motion to Compel Discovery and Other Relief. *Doc. 48*. Plaintiff filed a response in opposition (*doc. 54*), and Defendant filed a reply (*doc. 55*). On July 27, 2026, Plaintiff filed an errata to correct her response. *Doc. 57*. For the reasons explained below, Defendant's motion will be GRANTED.

## I. BACKGROUND

Plaintiff Jimmi Dawn Jones filed suit in this court on October 24, 2024, bringing, *inter alia*, claims under the Americans with Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA"), and the New Mexico Healthy Workplaces Act ("NMHWA"). *Doc. 1*. On February 6, 2026, Defendant served Plaintiff with its First Set of Interrogatories and Requests for Production. *Doc. 48-1* at 1. The parties agreed that Plaintiff's responses would be due March 23, 2026. *Doc. 48-2* at 1. Plaintiff indicates

that she sent her answers, responses, and objections to Defendant via USPS mail on March 23, 2026, *see doc. 57-1.* However, they were not received until they were requested again by Defendant and Plaintiff sent them via email on April 8, 2026. *Doc. 48-3*; *doc. 57* at 2.

In Plaintiff's Answers, Responses, and Objections to Defendant's First Set of Interrogatories and Requests for Production, Plaintiff requested that Defendant stipulate to a Confidentiality Order before she provided "some information and documents." *Doc. 57-4*. Defendant agreed, but repeatedly asked Plaintiff to produce responsive documents between April and June of 2026. *See docs. 48-6, 48-7, 48-8, 48-9.* The parties' Stipulated Confidentiality Order was entered by the Court on June 10, 2026. *Doc. 47*.

On June 29, 2026, Defendant filed its Motion to Compel, *doc. 48*, alleging that Plaintiff had not complied with required document production. Plaintiff filed a response on July 14, providing explanations for her delay and asserting that Defendant's motion was an attempt to circumvent the Federal Rules of Civil Procedure. *Doc. 54*. Defendant filed a reply on July 16, arguing that Plaintiff's excuses for failing to produce the required documents were insufficient. *Doc. 55*. On July 27, Plaintiff filed an errata, correcting incorrect statements made in her response. *Doc. 57*.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide, generally:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make a material fact more or less probable. Fed. R. Evid. 401. Information "need not be admissible in evidence to be discoverable," Fed. R. Civ. P. 26(b)(1), and discovery rules "are to be accorded a broad and liberal treatment," *Herbert v. Lando,* 441 U.S. 153, 177 (1979). However, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Murphy v. Deloitte & Touche Grp. Ins. Plan,* 619 F.3d 1151, 1163 (10th Cir. 2010) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

Where one party improperly fails to respond to another party's discovery requests, the requesting party may move to compel disclosure and for appropriate sanctions. Fed. R. Civ. P. 37(a)(3)(A). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Federal Rule of Civil Procedure 34 provides for the production of documents, electronically stored information, and tangible things in response to a party's discovery request. Requests for production should "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). In practice, this

directive means that "a discovery request should be sufficiently definite and limited in scope that it can be said 'to apprise a person of ordinary intelligence what documents are required and [to enable] the court…to ascertain whether the requested documents have been produced.'" *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649-50 (10th Cir. 2008) (quoting Wright & Miller, 8A Fed. Practice & Procedure § 2211, at 415). A proper response "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). In doing so, the party must also "state whether any responsive materials are being withheld" on the basis of the objection. Fed. R. Civ. P. 34(b)(2)(C). Documents not being withheld on the basis of a proper objection must be produced "no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B).

## III. REQUIREMENTS OF LOCAL RULE 7.1 AND RULE 26.6

As a threshold matter, the Court will address Plaintiff's allegation that Defendant failed to seek her concurrence in the filing of this motion in violation of Local Rule 7.1(a). *Doc. 57* at 3. Under D.N.M.LR-Civ. 7.1(a), a moving party "must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." Plaintiff asserts that Defendant never attempted to ascertain her position before filing the present Motion to Compel. *Doc. 57* at 3. Defendant did not respond to this allegation because it was first raised in

Plaintiff's errata. The Court finds this alleged error to be harmless in this instance and concludes that justice and judicial economy would be best served by addressing the merits of Defendant's motion. Accordingly, the Court will waive any violation of Local Rule 7.1(a).

Defendant also asks the Court to waive the 21-day filing deadline for motions to compel imposed by D.N.M.LR-Civ. 26.6. *Doc. 48* at 9. Defendant asserts that it "did not immediately seek court intervention because it was actively working in good faith to resolve the dispute without motion practice." *Id*. Defendant has provided sufficient evidence to support this contention, *see*, *e.g.*, *docs. 48-6, 48-7, 48-8, 48-9*, and Plaintiff did not raise any timeliness issue in her response, *see doc. 54*. The Court concludes that it would not serve the purpose of justice to penalize Defendant for working in good faith to avoid court involvement, and finds there is good cause to waive the violation of D.N.M.LR-Civ. 26.6.

## IV. ANALYSIS

In its Motion to Compel, Defendant seeks the following documents: (1) all documents responsive to Defendant's First Set of Requests for Production; (2) signed medical records authorizations for each of Plaintiff's identified healthcare providers as required by D.N.M.LR-Civ. 26.3(d); and (3) all medical records in Plaintiff's possession, custody, or control as required by D.N.M.LR-Civ. 26.3(d). *Doc. 48* at 10. The Court will address each in turn.

**a. Responsive Documents**

Defendant filed its First Set of Interrogatories, Requests for Production, and Initial Disclosures on February 6, 2026, and received Plaintiff's responses on April 8, 2026. *Doc. 41*; *doc. 57* at 2. Plaintiff's counsel objected to all of Defendant's requests for production but still stated she would provide copies of requested records not subject to her objections at "a time and place mutually convenient to both parties" and, for some requests, after "a confidentiality agreement and/or protective order is entered in this case." *Doc. 48-4*. Despite these assurances, Defendant alleges that as of July 16, 2026, Plaintiff has "not produced a single document in discovery." *Doc. 55* at 2.[1]

Plaintiff's counsel provides the Court with several explanations for her delay in document production, principally, the fact that the Court did not enter the parties' Stipulated Confidentiality Order until June 10, 2026, and that her family was in a serious car accident in Mexico. *Doc. 54*. While the Court is sympathetic to counsel's extenuating circumstances, they do not justify this extensive delay in document production, especially of documents and information that Defendant alleges "were not covered by the Confidentiality Agreement and Protective Order." *Doc. 55* at 6.

Defendant asserts that the present Motion to Compel is not based on any objections Plaintiff made regarding the First Set of Interrogatories, Requests for

[1] Plaintiff told the Court on July 14, 2026, that she was "sending the document production herewith." *Doc. 54* at 5.

Production, and Initial Disclosures, but rather the fact that it has still not received documents that (1) were not objected to and (2) Plaintiff should have turned over under the federal and local rules. *Id.* at 2-3. Accordingly, the Court will grant Defendant's request to compel Plaintiff to produce documents responsive to the requests made in First Set of Interrogatories, Requests for Production, and Initial Disclosures that were not objected to and that Plaintiff's counsel herself agreed to provide. *See doc. 48-4*. Once Defendant has those documents, the parties may confer regarding any alleged substantive discovery deficiencies.

**b. Medical Authorizations**

Federal Rule of Civil Procedure 26, and this Court's Initial Scheduling Order, *see doc. 32* at 2, require that the parties make initial disclosures within 14 days after the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(C). In cases where the physical or mental condition of a plaintiff is at issue, the plaintiff's initial disclosures must include a list of "any healthcare provider…which [has] treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings," "all records of such healthcare providers which are already in that party's possession," and "a signed authorization to release medical records form" for each healthcare provider. D.N.M.LR-Civ. 26.3(d).

Plaintiff served her initial disclosures on March 8, 2026, *see doc. 40*, but according to Defendant, failed to produce medical records and signed HIPAA authorizations in

violation of D.N.M.LR-Civ. 26.3(d). *Doc. 48* at 8. While Plaintiff does not justify, explain, or reference the alleged deficient initial disclosures in her response or errata, *see docs. 54*, *57*, she does provide the Court with the objection given to Defendant. *Doc. 57-4* at 5-6.

Defendant's Request for Production Number 9 asked Plaintiff to "[p]roduce a signed authorization to release medical records for each of your healthcare providers as required by D.N.M.LR-Civ. 26.3." *Id*. at 5. Plaintiff objected to the request on the grounds that it was:

> [O]verly broad, unduly burdensome, not limited in time, scope or relevance and seeks disclosure of confidential medical information protected by federal and state law, including HIPAA and New Mexico confidentiality statutes. Execution of a blanket authorization could result in disclosure of sensitive information beyond what is relevant to the claims or defenses in this action and therefore seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence herein.

*Id.* at 5-6. Local Rule 26.3(e) provides parties with instructions on how to object to the disclosure requirements of Rule 26.3(d), providing that:

> When information, records or a release subject to this rule is withheld on a claim that it is privileged or subject to objection, or that disclosure is prohibited by regulation or statute, the claim must be made expressly in writing and must be supported by a description of the nature of the documents, or things not produced that is sufficient to enable the demanding party to contest the claim.

D.N.M.LR-Civ. 26.3(e). Because Plaintiff's objection is not sufficiently supported by descriptions of the documents, and she provides no other reason for why her *initial*

*disclosures* remain unfulfilled, the Court will grant Defendant's request to compel Plaintiff to produce signed medical records authorizations for her healthcare providers as required by D.N.M.LR-Civ. 26.3(d).[2]

**c. Medical Records**

As previously stated, D.N.M.LR-Civ. 26.3(d)(2) requires production of "all records of such healthcare providers which are already in that party's possession." Defendant's Request for Production Number 1 asked Plaintiff to "[p]roduce copies of all medical records in your possession, custody or control relating to the disability referenced in your Complaint as required by D.N.M.LR-Civ. 26.3(d)." *Doc. 57-4* at 4.

Plaintiff objected to the request, saying that it was:

> [O]verly broad, unduly burdensome, harassing and an invasion of privacy and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information that is private in nature and to which the usefulness of such evidence is outweighed by privacy or confidentiality concerns or to the extent that it requests information that is subject to patient privacy laws, including but not limited to HIPAA.

*Id.* As with the medical authorizations discussed above, Plaintiff's objection is not sufficiently supported by descriptions of the documents. Her response and errata to Defendant's Motion to Compel provide no other reason for why her initial disclosures

---

[2] D.N.M.LR-Civ. 26.3(d) explicitly requires authorizations for "any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals" which have treated Plaintiff "within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date." D.N.M.LR-Civ. 26.3(d)(1).

remain unfulfilled. *See docs. 54, 57*. The Court will accordingly grant Defendant's request to compel Plaintiff to produce all medical records responsive to Defendant's Request for Production Number 1.

**d. Rule 37 Requirements and Requests for Attorney's Fees**

Plaintiff asks that the Court deny Defendant's Motion to Compel and award her attorney's fees because Defendant's counsel did not confer with her as required by Fed. R. Civ. P. 37(a)(1). *Doc. 54* at 5-6. The Court finds this request is not well-taken and will deny it.

Rule 37(a)(1) provides that a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). While Plaintiff repeatedly claims that Defendant did not attempt to confer with her before filing the motion, evidence shows Defendant reached out to Plaintiff several times regarding the missing document production, and Plaintiff often did not reply. *See, e.g., doc. 48-9*.

The purpose of the meet-and-confer requirement is to encourage parties to resolve discovery disputes without involving the courts. Whether parties have complied with the rule must be evaluated on a case-by-case basis. *Benavidez v. Sandia Nat'l Laboratories*, 319 F.R.D. 696, 723 (D.N.M. 2017) ("Whether the parties engaged in a good-faith conference will involve a case-by-case consideration of the facts, and that

consideration might differ from docket to docket[.]”). The Court finds that where there are substantive disagreements, for example, disagreements on the scope of discovery, a discussion or good faith contemporaneous meeting is required for the Rule 37 standard to be satisfied. However, where there is no substantive disagreement, just a failure to disclose materials not properly objected to, as is the case here, the Court finds that repeated requests for the missing documents, as in this case, are sufficient for compliance with Rule 37.

Accordingly, the Court finds that Defendant did attempt to confer with Plaintiff to address the discovery failures before the filing of its Motion to Compel, and Plaintiff’s request for attorney’s fees is DENIED.

Defendant also requested an award of attorney’s fees. *Doc. 48* at 10. Under Rule 37, if a motion to compel is granted, the Court must grant the movant an award of his reasonable expenses incurred in filing the motion, including attorney’s fees, unless certain circumstances apply. Fed. R. Civ. P. 37(a)(5)(A). Here, the Court finds that Defendant’s expenses associated with this Motion to Compel should be borne by Plaintiff’s counsel rather than Defendant.

Plaintiff’s delay in producing responsive documents to Defendant, including documents that should have been provided in Plaintiff’s initial disclosures, was not substantially justified. Additionally, Plaintiff has exhibited a pattern of dilatory conduct throughout the pendency of this case. *See*, *e.g.*, *docs. 7, 10* (the Court ordered

Plaintiff to show cause as to why Defendant had not been properly served for more than 90 days); *docs. 50*, *51* (the Court vacated the settlement conference because Plaintiff had not provided the Court with necessary letters within the time provided). While the Court notes that Plaintiff's counsel was waiting for the Confidentiality Order to be filed and was involved in a serious car crash, the Court does not find these circumstances make an award of expenses unjust, especially as she failed to provide documents that should have been produced in her initial disclosures as well as documents and information that Defendant alleges "were not covered by the Confidentiality Agreement and Protective Order," an assertion that Plaintiff does not dispute. *Doc. 55* at 6; *see also doc. 54*.

For these reasons, the Court will grant Defendant's request for attorney's fees.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Discovery and Other Relief, *doc. 48*, is GRANTED. IT IS THEREFORE ORDERED THAT:

1. Plaintiff shall produce all documents responsive to Defendant's First Set of Requests for Production that were not properly objected to within **seven (7) days** of this Order;
2. Plaintiff shall produce signed medical records authorizations for each of her identified healthcare providers as required by D.N.M.LR-Civ. 26.3(d) within **seven (7) days** of this Order;

3. Plaintiff shall produce all medical records in her possession, custody, or control responsive to Defendant's Request for Production Number 1 within **seven (7) days** of this Order;
4. If additional substantive discovery disputes emerge as a result of the production, Defendant shall bring any further motion to compel within **twenty-one (21) days** of production, as required by D.N.M.LR-Civ. 26.6;
5. The termination date for discovery set forth in the Court's Order Setting Pretrial Deadlines and Briefing Schedule (*doc. 38*) is extended by **sixty (60) days** to **October 7, 2026**;
6. The deadline for dispositive pretrial motions set forth in the Court's Order Setting Pretrial Deadlines and Briefing Schedule (*doc. 38*) is extended by **sixty (60) days** to **November 6, 2026**; and
7. Within **seven (7) days** of this Order, Defendant shall submit an affidavit detailing the reasonable attorney's fees and costs expended in briefing this Motion. Plaintiff's objections to the amount claimed, if any, shall be filed within **five (5) days** of the filing of the affidavit.

______________________________________
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE