**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JIMMI DAWN JONES,

Plaintiff,

v. Civ. No. 24-1088 SMD/GBW

HIGH PLAINS HCA, LLC,

Defendant.

**ORDER DENYING MOTION TO QUASH SUBPOENAS**

THIS MATTER comes before the Court on Plaintiff's Expedited Motion to Quash or Modify Subpoenas and For Protective Order. *Doc. 60*. For the reasons stated below, the Court finds Plaintiff's motion is not well-taken and will DENY IT.

## I. RELEVANT FACTS

On July 24, 2026, Defendant served Plaintiff's counsel with a Notice of Intent to Serve Subpoenas on four of Plaintiff's former employers no earlier than July 29, 2026. *Doc. 65-1* at 1-2. The subpoenas were attached to the Notice and indicated a production deadline of 10:00 a.m. on August 10, 2026. *Id*. Five days later, having received no objections to the materials requested in the subpoenas nor the timeline, Defendant issued them. *Doc. 65* at 4. At 7:51 a.m. on August 10, 2026 – just over two hours before the subpoena compliance deadline – Plaintiff's counsel emailed Defendant's counsel asking whether he still "plan[ned] to proceed with the subpoenas regarding employment-related records …. If so, I plan to file a motion for protective order…."

*Doc. 65-2* at 1-2. In the email, Plaintiff's counsel "asked that [Defendant] withdraw or postpone the subpoena so that it can be narrowed if it is still needed at that time and after we have had the chance to confer regarding Plaintiff's objections thereto." *Id*. at 2. Sixty-five minutes after sending that email, Plaintiff filed the instant eighteen-page motion. *See id.* at 1; *see also doc. 60*.

A few hours after Plaintiff's motion was filed, the Court stayed subpoena production and ordered expedited briefing on Plaintiff's motion. *Doc. 62*. Defendant filed a response on August 17, 2026 (*doc. 65*), and Plaintiff filed an untimely reply on August 31, 2026 (*doc. 67*).[1]

## II. LEGAL STANDARD

The Local Rules require movants to "determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied. D.N.M.LR-Civ. 7.1(a). Moreover, the Federal Rules of Civil Procedure require that when "[a] party or any person from whom discovery is sought…move[s] for a protective order…The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Plaintiff's motion requests that the Court enter a protective order, so the conferral requirement of Rule 26 applies. *See doc. 60* at 5, 18 (requesting a protective order

[1] Because the Court ordered expedited briefing on the matter, at Plaintiff's request, *see doc. 60* at 16, Plaintiff's reply was due no later than August 24, 2026. *Doc. 62* at 2. Despite the untimely submission, the Court has still considered Plaintiff's reply.

pursuant to Rule 26); *doc. 38* at 2, n.2 (explaining that good faith conferral is required for motions relating to discovery); Fed. R. Civ. P. 26(c)(1)(A), (C), (D) (explaining that a party must attempt to confer in good faith before filing a motion that would forbid disclosure or discovery; prescribe a discovery method other than the one selected by the party seeking discovery; or forbid or limit inquiry into certain matters). "The duty to confer in good faith requires more than a single written correspondence…Before filing a motion, counsel are required to 'converse, confer, compare views, and deliberate.'" *Armijo v. Cardinal Logistics Mgmt. Corp*., 2025 WL 3269888, at *1 (D.N.M. Nov. 24, 2025) (quoting *Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999)). "In the context of discovery and other non-dispositive motions," *New Mexico ex. rel. Balderas v. Valley Meat Co., LLC*, 2015 WL 3544288, at *20 (D.N.M. May 20, 2015), the duty requires a "sincere effort to see if the disputes can be resolved before a party files" such a motion. *Benavidez v. Sandia Nat'l Laboratories*, 319 F.R.D. 696, 723 (D.N.M. 2017).

## III. ARGUMENTS

Plaintiff challenges Defendant's subpoenas on the following grounds: (1) the subpoenas do not allow a reasonable time to comply; (2) the requests are overbroad, vague, and disproportionate to the needs of the case; (3) the subpoenas seek information that is cumulative, duplicative, or available through less burdensome discovery; (4) the subpoenas invade privacy interests and seek privileged or otherwise protected material; and (5) the subpoenas are facially defective and ambiguous. *Doc. 60*.

Defendant asserts that the subpoenas are proper because they (1) allowed a reasonable time to comply; (2) were not unreasonably cumulative or duplicative; and (3) only encompass documents relevant to the claims and defenses in this case. *Doc. 65*. Defendant also challenges Plaintiff's standing for her arguments regarding overbreadth, undue burden, insufficient time to reply, and related objections; and contends that Plaintiff's privacy interests are shielded by the protective order already in place (*doc. 47*).

Most importantly, for purposes of this Order, Defendant alleges that Plaintiff did not satisfy the good-faith conferral requirements imposed by Fed. R. Civ. P. 26(c) and D.N.M.LR-Civ. 7.1(a). *Doc. 65* at 5-7. Because the Court finds that Plaintiff did not confer in good faith before filing her motion, the Court does not address the other arguments.

**IV. ANALYSIS**

Plaintiff's counsel first emailed defense counsel regarding objections she had to the subpoenas and the possibility of filing a motion for a protective order at 7:51 a.m. on August 10, 2026. Without having received any response, approximately an hour later, she filed the instant eighteen-page motion. This timeline establishes an absolute failure by Plaintiff's counsel to meet her obligations of conferral under both rules.

First, the Court considers the obligations under the local rule. Plaintiff's motion does state that "Plaintiff's counsel has attempted to make a good faith request for concurrence related to this Motion and has attempted to confer with Defendant's

counsel regarding withdrawing, narrowing or postponing the subpoenas prior to filing this Motion." *Doc. 60* at 4. It also concedes that "Plaintiff's counsel has not heard back from Defendant's counsel…" *Id*. However, providing opposing counsel an hour to respond to an email generalizing referring to a possible motion for protective order falls far short of a good-faith request for concurrence for such a motion. Plaintiff implicitly argues that the lack of an ordinary time for concurrence was a result of the pending response deadline on the subpoenas.[2] This argument is unavailing. First, Plaintiff had notice of the contents of the subpoenas and their response deadline since July 24. *Doc. 65-1* at 2. Thus, Plaintiff had seventeen days to contact Defendant regarding her concerns, yet she only chose to do so approximately 2 hours before the subpoena responses were due. Second, the Court is unconvinced that the eighteen-page motion was researched and drafted in the one-hour period between the email to opposing counsel and its filing. Simply put, Plaintiff did not make a good-faith effort to seek concurrence for her motion prior to its filing. Given this failure, the motion is subject to summary denial.

Next, the Court considers the more stringent requirement of conferral imposed by Rule 26. While Plaintiff's emails to Defendant show that she was willing to meet and confer *after* her motion was filed, this professed willingness does not demonstrate a conferral prior to filing as required by Rule 26. *See Armijo*, 2025 WL 3269888, at *1

[2] This argument is made explicit in Plaintiff's Reply. *See doc. 67* at 3.

("*Before* filing a motion, counsel are required to converse, confer, compare views, and deliberate.") (internal quotation and citation omitted) (emphasis added). Again, while the Court recognizes that Plaintiff's counsel was operating under the looming subpoena production deadline, that emergency was of her own making as described above. Given that Plaintiff's counsel failed to make a good-faith attempt to get concurrence for her motion, she did not remotely comply with the conferral requirement of Rule 26. As such, her motion is subject to denial on that basis as well.

## V. CONCLUSION

Because the Court finds that Plaintiff failed to seek concurrence in good faith or sufficiently confer before filing her motion, Plaintiff's Expedited Motion to Quash or Modify Subpoenas and For Protective Order (*doc. 60*) is DENIED. Because Defendant did not seek costs, the Court will not order Plaintiff to pay the costs of the motion. Having denied the motion to quash, the Court lifts the stay of production imposed in *doc. 62*. Any materials received by Defendant in response to the subpoenas prior to the imposition of the stay may be fully used as discovery in this case going forward. Any Recipients of subpoenas who have not fully complied with the subpoenas due to the stay are hereby ordered to comply no later than October 7, 2026.

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE