**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JIMMI DAWN JONES,

Plaintiff,

v. Civ. No. 24-1088 SMD/GBW

HIGH PLAINS HCA, LLC,

Defendant.

**ORDER AWARDING ATTORNEY'S FEES**

THIS MATTER comes before the Court on Defendant's Notice of Filing Declaration in Support of Attorney's Fees and Costs. *Doc. 59*. Plaintiff filed objections and a related errata. *Docs. 63, 64*. Defendant did not file a response. Having reviewed the filings and the relevant law, the Court hereby AWARDS Defendant High Plains HCA, LLC **$3,125.50** in attorney's fees.

## I. RELEVANT BACKGROUND

On June 29, 2026, Defendant filed its Motion to Compel Discovery and Other Relief. *Doc. 48*. The Court granted the motion, *see doc. 58*, and awarded reasonable attorney's fees as requested by Defendant and required by Rule 37 of the Federal Rules of Civil Procedure. *Id. at* 10-13; Fed. R. Civ. P. 37(a)(5)(A). On August 7, 2026, Defendant filed an affidavit detailing the attorney's fees and costs expended in briefing the motion and requested an award of $4,218.00. *Doc. 59*. On August 12, 2026, Plaintiff

filed objections to Defendant's fee submission, and on August 13, 2026, filed an errata which added an inadvertently omitted paragraph. *Docs. 63, 64*. Plaintiff also filed objections to the Court's order granting the motion to compel, which were overruled on September 15, 2026. *Doc. 70*. Accordingly, Defendant's affidavit, and Plaintiff's objections and errata relating solely to the award of attorney's fees are before the Court.

## II. ANALYSIS

When the Court grants a motion to compel, the Court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonably incurred expenses. Fed. R. Civ. P. 37(a)(5)(A). "To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours [] counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995) (citations omitted). While district courts are "accorded wide latitude" in determining reasonableness and awarding fees, "[i]t remains counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, Defendant requests attorney's fees for the work of Gilbert L. Sanchez, seeking $380 an hour for 11.1 hours, totaling $4,218.00. The Court will consider the reasonableness of both Mr. Sanchez' hourly rate and his time spent.

**1. Hourly Rate**

Plaintiff's counsel argues that Defense counsel did not satisfy his burden of establishing that his hourly rate was reasonable. *Doc. 63* at 4. Mr. Sanchez provided his own statement regarding the reasonableness of his fees, and a statement from Plaintiff's counsel that she charged slightly more per hour with similar legal experience. *Doc. 59-1* at 3. The Court agrees that Defendant's statements do not conclusively establish the reasonableness of his hourly rate. Accordingly, the Court has conducted an independent analysis of the prevailing market rate in southern New Mexico.

It was recently found that "[i]n the Southern New Mexico and El Paso, Texas, legal market area, the prevailing hourly rate for experienced attorneys is $325." *Imming v. De La Vega*, 2024 WL 4827599, at *1 (D.N.M. Nov. 19, 2024) (citation omitted). However, rates of between $350-$400 have been deemed reasonable. *See, e.g.*, *Mack Energy Corp. v. Summit Casing Servs., LLC*, 2025 WL 2987549, at *4 (D.N.M. Oct. 23, 2025) (awarding an hourly rate of $400.00 for an attorney with extensive experience); *Los Alamos Nat'l Bank, N.A. v. Fidelity Bank*, 2019 WL 4816692, at *5 (D.N.M. Oct. 1, 2019) (awarding an rate of $350.00 per hour for an attorney with eleven years of experience); *Envtl. Dimensions, Inc. v. EnergySolutions Gov't Grp., Inc.*, 2018 WL 6069101, at *4 (D.N.M. Nov. 20, 2018) (awarding an hourly rate of $350.00). The Court finds that Mr. Sanchez has considerable experience in the realm of labor and employment law which supports a rate on the higher end of the range.

Although Defense counsel's level of experience could support a rate of $380.00 per hour, it was Defendant's burden to conclusively show the rate's reasonableness. Given the scant record before the Court and the fact that the proposed rate exceeds the typical award rate, the Court will reduce the requested $380.00 per hour to $350.00 per hour which it finds to be reasonable.

**2. Hours Billed**

In his affidavit, Mr. Sanchez stated that he billed "6.5 hours for drafting, editing, and finalizing Defendant's Motion to Compel," and that that amount included time "reviewing the discovery file and parsing through months of email communication . . . to identify exhibits in support of the Motion." *Doc. 59-1* at 3. He then billed 0.5 hours for "reviewing and analyzing Plaintiff's Response to Defendant's Motion to compel," and finally billed "4.1 hours for drafting, editing, and finalizing Defendant [*sic*] Reply." *Id*. at 3-4. Plaintiff's counsel objects to Defendant's claimed hours in part due to his use of "block billing," or lumping multiple tasks into a single entry, which she claims prevents the Court from determining whether the time spent on the compensable activities was reasonable. *See doc. 63* at 4. Plaintiff's counsel also asserts that Mr. Sanchez's request "arguably includes potentially clerical or administrative work at a partner rate." *Id.* at 5; *see also Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless

of who performs them . . . [N]on-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.”).

While block billing is disfavored, *see Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1207 (10th Cir. 2000), the Court does not agree that Mr. Sanchez’s descriptions “prevent meaningful review.” *See doc. 63* at 5. The Court finds the time Mr. Sanchez spent in reviewing Plaintiff’s response and preparing his reply to be reasonable. However, given that Defendant has the burden of proving the reasonableness of his fees, the Court will reduce the hours claimed for the preparation of Defendant’s initial motion by one third[1] because it is not clear how much of that time was spent engaging in potentially clerical tasks such as “parsing through months of email communication” and “identify[ing] exhibits.” *Doc. 59-1* at 3; *see also Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir. 1998) (“[A] district court may discount requested attorney hours if the attorney fails to keep ‘meticulous, contemporaneous records’ that reveal ‘all hours for which compensation is requested and how those hours were allotted to specific tasks.’” (citation omitted)).

## III. CONCLUSION

The Court finds that Mr. Sanchez reasonably billed for 8.93 hours of work (4.33 + 0.5 + 4.1) at $350.00 per hour. Therefore, the Court approves a fee award of **$3,125.50**

[1] Accordingly, the Court finds that of the 6.5 hours claimed, 4.33 hours are reasonable.

Plaintiff's counsel is ordered to complete payment no later than **December 22, 2026**, absent a request showing good cause for extension.

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE